Filed 3/28/24  Zeng v. Wang CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| YING MAGGIE ZENG,<br>　　　Plaintiff,<br>v.<br><br>ALBERT HUAI-EN WANG,<br>　　　Defendant and Appellant,<br><br>JOHANNA BETH KLEPPE,<br>　　　Respondent and Real Party in Interest. | A168238<br><br>(Sonoma County<br>Super. Ct. No.<br>SFL089529) |

Pro per defendant Albert Huai-En Wang (Father) appeals from an order denying his motion for sanctions against the respondent and real party in interest in this appeal, Johanna Kleppe, who is the attorney for the plaintiff in the underlying divorce case, Ying Maggie Zeng (Mother).  Father contends the trial court erred by misapplying Code of Civil Procedure section 177.5.[1]  He further contends Kleppe committed criminal forgery, added confidential documents to the record, failed to seal confidential records in this court, and did not comply with her obligations under the Rules of

---

[1]　Unless indicated otherwise, all statutory references in this opinion are to the Code of Civil Procedure.

1

Professional Conduct.  We reject Father's arguments and will affirm the order.[2]

## I.  FACTS AND PROCEDURAL HISTORY

Father and Mother were married in 2005 and have a minor child (Daughter).  The marriage was dissolved pursuant to a judgment entered in 2013 in Orange County Superior Court.  In 2021, Mother moved for a change of venue to Sonoma County, where she was living with Daughter.

In its Findings and Orders after Hearing, the Orange County Superior Court transferred the case to Sonoma County.  The court further ordered Kleppe to cause certain documents in the record to be sealed in Sonoma County Superior Court after the record was transferred.  Specifically, the Orange County Superior Court ordered:  "Attorney, Johanna Kleppe, shall seal in Sonoma County and any other necessary county, State of California Health and Welfare Agency Department of Social Services Investigation Information, and accompanying documents attached as Exhibit L to Petitioner's July 2, 2021 Request for Order.  Attorney Kleppe shall also seal in Sonoma County and any other necessary county, Kaiser Permanente Medical Records attached as Exhibit B to Petitioner's July 2, 2021 Request for Order."  The court's Findings and Order did not give a deadline for Kleppe's compliance, but its minute order stated that she should "take care of sealing the documents that were stated on the record as soon as the case gets transferred to Sonoma County."

---

[2]     Father has filed other appeals arising out of his family law issues with Mother.  We affirmed the trial court's rulings in Case Nos. A165473 and A166681.  We dismissed Case No. A168859 as an appeal from a non-appealable order.

Pending completion of the transfer of the case to Sonoma County, Mother filed a separate proceeding against Father in Sonoma County Superior Court for a domestic violence restraining order (DVRO) under the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.; DVPA). The trial court issued a temporary restraining order against Father on October 26, 2021, and, after a hearing on March 4, 2022, issued the DVRO and custody and visitation orders.

On October 21, 2022—roughly 10 months after the transfer to Sonoma County was complete—the Sonoma County trial court entered an "Order to Seal Records Pursuant to Cal. Rules of Court, rule 2.551." The order sealed records identified in the Orange County order and was "made pursuant to an order by Judge Thomas McConville, Judge of the Superior Court of Orange County." The order was served on Father by mail that same day.

Ten days later on October 31, 2022, Father filed a request for an order for "[m]onetary sanction[s] under [section] 177.5" against Kleppe and for "[c]ompliance with Judge Thomas McConville's Court order by sealing Confidential Records in Orange County Superior Court and Sonoma County Superior Court." In his attached declaration, Father asserted that Kleppe had not made good faith efforts to comply with the Orange County order, she did nothing about it until Father filed a FL-300 Request for Order on July 25, 2022, in her proposed order she only asked the court to seal two exhibits, she lacked good cause or substantial justification for not promptly filing a motion to seal the records, she filed additional confidential records without sealing them, and he emailed Kleppe on October 23, 2022, claiming there were still confidential records in public court files that could be accessed through the superior court websites.

3

Kleppe filed a responsive declaration on November 29, 2022, explaining her delay in complying with the Orange County order. Essentially, she claimed that she was busy preparing and filing the DVPA action, responding to Father's voluminous court filings, and attending hearings. She further asserted that on October 10, 2022, she sought and obtained the October 21, 2022 order from the trial court to seal the subject documents, and the order was filed in both the Orange County and Sonoma County proceedings. She also described her attempt to resolve the matter with Father in November 2022.

In December 2022, after a hearing, the trial court denied Father's motion. In relevant part, the minute order states: "Court DENIES father's request for sanctions against Counsel Kleppe. [¶] Court does not find Counsel Kleppe's behavior to be willful or malicious." Father filed a timely notice of appeal.

## II. DISCUSSION

### A. Section 177.5

Section 177.5 provides: "A judicial officer shall have the power to impose reasonable money sanctions, not to exceed fifteen hundred dollars ($1,500), notwithstanding any other provision of law, payable to the court, for any violation of a lawful court order by a person, done without good cause or substantial justification. This power shall not apply to advocacy of counsel before the court. For the purposes of this section, the term 'person' includes a witness, a party, a party's attorney, or both. [¶] Sanctions pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers; or on the court's own motion, after notice and opportunity to be heard. An order imposing sanctions shall be in writing and shall recite in detail the conduct or circumstances justifying the order."

4

Father contends the trial court erred because it denied his sanctions motion on the ground that Kleppe's conduct was not willful or malicious. He also claims that the court, at the hearing on his motion, referred to a minute order from a December 8, 2022 hearing in Case No. SFL-089930 (dismissing contempt proceedings against Kleppe), in which the court noted that Father had admitted he had no evidence that the failure to seal the records for 12 months caused harm to Daughter. Father contends the court acted improperly in denying his request for monetary sanctions, because the question under section 177.5 is not Kleppe's intent or whether she caused harm, but whether she acted "without good cause or substantial justification." (§ 177.5.)[3]

Father misconstrues section 177.5 and the trial court's order. Section 177.5 gives the court "the *power*" to impose monetary sanctions if a court order was violated "without good cause or substantial justification." (§ 177.5, italics added.) Accordingly, even when the statutory requisites for imposing sanctions (a lack of good cause and substantial justification) are met, the court still has *discretion* to decide whether sanctions should be imposed. Here, the court's ruling can reasonably be read to mean that, whether or not Kleppe violated the Orange County order without good cause or substantial justification, the court was not going to exercise its discretion to impose sanctions against her, because Kleppe's delay in obtaining the sealing was not willful or malicious. The court's consideration of these circumstances in

---

[3] Kleppe contends she complied with the Orange County order by (eventually) arranging for the subject documents to be sealed, and the trial court did not explicitly rule otherwise. Therefore, she argues, there was no "violation" of a court order on which to base a sanctions order. (§ 177.5.) We need not decide whether she violated the order to resolve the appeal.

deciding whether to exercise its discretion was reasonable, and the denial of the motion was not an abuse of discretion.

Father argues that we should reverse the order based on *In re Marriage of Anka and Yeager* (2019) 31 Cal.App.5th 1115 (*Anka*) and *In re Woodham* (2001) 95 Cal.App.4th 438 (*Woodham*).  *Anka* is inapposite because it was decided under Family Code section 3111 (*Anka*, at pp. 1118–1120), and Father's motion in the trial court did not rely on that statute.  (See *Mendoza v. Trans Valley Transport* (2022) 75 Cal.App.5th 748, 769–770.)  Furthermore, nothing in *Anka* or *Woodham*, which both found that the imposition of sanctions was within the trial court's discretion in the circumstances of those cases, compels the conclusion that the court's ruling here was an abuse of discretion.  (See also *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 [absence of reporter's transcript frequently fatal to appeal because the trial court judgment is ordinarily presumed to be correct].)

B.  <u>Criminal Forgery</u>

Father contends Kleppe "forged" the Sonoma County trial court's sealing order of October 21, 2022, and submitted this "falsified" order to the Orange County Superior Court and Sonoma County Superior Court in November 2022 to seal more documents than the October 21 order had required.  Specifically, he contends the real October 21 order, which both identifies the documents to be sealed and states that the "records to be sealed are attached as ATTACHMENT 1," lists only two exhibits to be sealed.  An allegedly "fake" order, accompanying Kleppe's Declaration in Support of Order to Seal Documents dated November 28, 2022, in the Orange County Superior Court, lists *three* exhibits to be sealed in Attachment 1, including an Exhibit Q (medical records).  Another allegedly "fake" order, accompanying Kleppe's Declaration in Support of Order to Seal Documents dated November

6

28, 2022, in Sonoma County Superior Court, lists *10* exhibits in Attachment 1. Father claims that Kleppe thereby "engaged in the crime of forgery under Penal Code Sections 132, 134 and 470."

Father's argument does not compel reversal of the order from which he appeals. First, he does not provide a record citation confirming when he brought this discrepancy to the trial court's attention in connection with his section 177.5 motion. Our review of the record indicates that he first raised his criminal forgery argument in his reply declaration, after Kleppe provided copies of the November 2022 declarations in which she purported to attach the October 21, 2022 order. Redress for criminal forgery, therefore, was not part of what Father sought in his Request for Order. Second, we have examined the pages in the record to which Father cites, and while he claims that the "real court order" of October 21, 2022, identifies only two exhibits to be sealed, the record does not contain an Attachment 1 to the October 21 order or conclusively show whether there was one. Finally, Kleppe's conduct in presenting the October 21 order to obtain or suggest the sealing of records in *addition* to those stated in the Orange County order is not immediately germane to whether she should have been sanctioned for failing to comply with the Orange County order. For these reasons, Father has not established that the court erred in declining to impose sanctions based on the matters he raised in his October 31, 2022 Request for Order.

That said, it is concerning that Kleppe's declarations each purport to attach the *same* October 21 order but with a *different* Attachment 1. Kleppe provides no explanation for the discrepancy in her respondent's brief. While it is not clear from the record what occurred or what Kleppe intended, an attorney may not obtain an order sealing certain documents, swap out the attachment to the order, and pass it off as an order sealing other documents.

This is so even if the additional documents to be sealed are identical or similar to the documents that have been already sealed. Furthermore, any sealing order (or amendment) must be sought and issued in compliance with rule 2.551 of the California Rules of Court. Father appears to have alerted Kleppe to at least some of these issues during their meet and confer, which exacerbates our concerns.

Because of the potential seriousness of this matter, because it arose after Father filed his October 31, 2022 Request for Order, and because the trial court may not have had a meaningful opportunity to examine it, our affirmance of the December 2022 order does not preclude the court from considering, on its own motion after the remittitur (1) whether Kleppe accurately represented the October 21, 2022 order in her declarations and (2) whether all the documents that should be sealed in the trial court have, in fact, been ordered sealed. And we strongly suggest that the court do so.[4]

C. Additional Confidential Documents in the Trial Court

Father next points out that an order issued on January 18, 2023, sealed confidential documents in five court filings in the trial court. He argues that this shows Kleppe had improperly put into the record additional confidential documents that had to be sealed.

Father's argument again misses the mark. To the extent he did not raise this matter with the trial court in connection with his October 2022 request for sanctions and compliance, it provides no basis for reversing the order from which he appeals. To the extent he did present the matter to the court, the court's decision not to sanction Kleppe was well within its

---

[4] In any event, our decision today does not preclude Father from raising these two issues with the trial court again.

8

discretion for the reasons explained above. Furthermore, the documents are now sealed, rendering Kleppe's alleged failure to seal them moot.

### D. Confidential Documents in the Appellate Record

Father contends Kleppe failed to seal confidential records in this court. He does not show that he made that argument in the trial court, so it is irrelevant to this appeal. We also note that portions of the record have been sealed in this appeal and Father's other appeals (Case Nos. A165473 and A166681). He fails to establish error.

### E. Duty of Candor to the Tribunal

Father argues that Kleppe did not comply with rule 3.3 of the Rules of Professional Conduct when she filed Mother's request for a DVRO and trial brief in the DVPA case. He does not show that he made the argument to the trial court when requesting sanctions and compliance with the Orange County order. Nor does he show that the argument is relevant to the merits of that request. He fails to establish error.

## III. DISPOSITION

The order is affirmed. Our affirmance of the order does not, however, preclude the trial court from considering after the remittitur (1) whether Kleppe accurately represented the October 21, 2022 order in her declarations and (2) whether all the documents that should be sealed in the trial court have, in fact, been ordered sealed. In the interests of justice, both parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

                                                    CHOU, J.

We concur.


JACKSON, P. J.

BURNS, J.

*Zeng v. Wang* / A168238